# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERARD JACKSON on behalf of himself and others similarly situated, | No. 4:23-MC-00812 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| ARAGON ADVERTISING, LLC, | |
| Respondent. | |

## MEMORANDUM OPINION

### NOVEMBER 9, 2023

This discovery dispute is an outgrowth of a class action suit brought by Petitioner Gerard Jackson against Clearlink Insurance Agency, LLC, alleging violations of the Telephone Consumer Protection Act.[1] Jackson contends discovery in that case has revealed that telemarketing vendors, including Respondent Aragon Advertising, LLC, have made calls on behalf of Clearlink in violation of the TCPA.[2] While other vendors have agreed to respond to third party subpoenas and produce calling data, Aragon has refused.[3] Seeking to enforce the subpoena, Jackson filed a Motion to Compel in the Southern District of New York,[4] from which Judge Jesse

---

[1] *Jackson v. Clearlink Ins. Agcy., LLC*, No. 22-CV-01466 (M.D. Pa.) The Court notes that the parties refer to Clearlink as "Clear Link." The Court will defer to Clearlink itself on the proper spelling of its name. *See id.* Doc. 47.
[2] Mot. to Compel ("MTC"), Doc. 1, at 2.
[3] *Id.*
[4] Jackson filed his Motion in S.D.N.Y. because, while the underlying suit is pending before this Court, Federal Rule of Civil Procedure 45 requires that a motion to compel be made in the

M. Furman transferred it to this Court.[5] Aragon subsequently opposed Jackson's motion,[6] and Jackson filed a reply brief.[7] Jackson's motion is ripe for disposition.

## I.   FACTUAL BACKGROUND

This is not the first dispute between these parties. On May 12, 2022, Jackson entered into a settlement agreement with Aragon regarding allegations that Aragon had contacted him on behalf of Clearlink in violation of the TCPA.[8] Aragon objects that the subpoena, which sought call data beginning January 1, 2019, was improper as a result.[9] In an attempt to resolve the dispute without court intervention, Jackson agreed to limit his request to calls made after May 12, 2022.[10] Still, Aragon refused to produce any documents.

## II.   ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Such discovery must take into account "the importance of the issues at stake in the action, the amount in

---

    court for the district where compliance is required. *Id.* at 8-9 (citing Fed. R. Civ. P. 45(d)(2)(B)(i)).
[5]  Transfer Ord., Doc. 7.
[6]  Opp., Doc. 13.
[7]  Reply., Doc. 14.
[8]  MTC 2; Opp. 2. Aragon suggests that Clearlink was also a party to that agreement. *See id.* Neither party has provided the settlement agreement to the Court, but the Court notes that Clearlink has not raised the settlement agreement as a defense in the underlying litigation, which has now been pending for over a year. *See, e.g.*, *Clearlink*, No. 22-CV-01466, Ans. to Compl., Doc. 10, Ans. to Am. Compl., Doc. 28.
[9]  Opp. 2.
[10]  MTC 2.

controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs the likely benefit."[11] "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action."[12]

A party may seek discovery from a nonparty by serving the nonparty with a subpoena under Rule 45. Rule 45(d)(3)(A)(iv) provides that a court *must* quash or modify a subpoena that "subjects a person to undue burden." "When analyzing whether a civil subpoena places an undue burden on a nonparty, the court considers issues such as relevance, the requesting party's need, the breadth of the request, and the burden imposed."[13]

Aragon argues that the information sought by the subpoena is irrelevant because "(i) [Aragon] is a non-party; (ii) [Jackson, Aragon] *and* Clear Link previously settled almost identical allegations in a May 12, 2022 agreement; and (iii)

---

[11] Fed. R. Civ. P. 26(b)(1).
[12] Fed. R. Evid. 401.
[13] *United States v. Massimino*, 368 F. Supp. 3d 852, 855 (E.D. Pa. 2019) (citing *Diodato v. Wells Fargo Ins. Servs. USA, Inc.*, 2013 WL 6054824, at *1 (M.D. Pa. Nov. 15, 2013); *Charter Oak Fire Ins. Co. v. Am. Capital, Ltd.*, 2012 WL 5862735, at *2 (M.D. Pa. Nov. 19, 2012); *Alexander v. F.B.I.*, 186 F.R.D. 21, 34 (D.D.C. 1998); *United States v. Int'l Bus. Machs. Corp.*, 83 F.R.D. 97, 104 & n.12 (S.D.N.Y. 1979)).

Petitioner concedes Respondent did not place any call to him after the effective date of the settlement agreement."[14]

In *Clearlink*, Jackson has alleged that Clearlink is vicariously liable for TCPA violations arising from calls made on their behalf by third parties.[15] This would include calls made by Aragon on Clearlink's behalf. If that theory proves correct,[16] and Jackson can certify a class,[17] Clearlink could be held liable for calls made by Aragon, even if Aragon has not called Jackson himself.[18]

Though "the standards for nonparty discovery require a stronger showing of relevance than for party discovery,"[19] Jackson has met this standard. As Jackson notes, and Aragon does not contest, discovery of call lists and related information is generally relevant in TCPA class litigation.[20] Further, deposition testimony taken

---

[14] Opp. 5.
[15] *Clearlink*, Am. Compl., Doc. 28 ¶¶ 37-52.
[16] *See Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 879 (9th Cir. 2014), *aff'd* 577 U.S. 153 (2016) ("[A] defendant may be held vicariously liable for TCPA violations where the plaintiff establishes an agency relationship, as defined by federal common law, between the defendant and a third-party caller.").
[17] Courts frequently certify classes in TCPA cases where the plaintiff attempts to hold the defendant liable under a theory of vicarious liability—the agent of the defendant who made the violative communication need not be a party. *E.g.*, *Abramson v. Agentra, LLC*, 2021 WL 3370057 (W.D. Pa. Aug. 3, 2021); *City Select Auto Sales, Inc. v. David/Randall Associates, Inc.*, 96 F. Supp. 3d 403 (D.N.J. 2015); *Hawk Valley, Inc. v. Taylor*, 301 F.R.D. 169 (E.D. Pa. 2014). *See also Frey v. Frontier Utilities Northeast LLC*, 2020 WL 12697468 (E.D. Pa. Apr. 13, 2020) (granting motion to compel call lists where sought discovery was relevant to class certification and the merits of the claim).
[18] *See Sparkle Hill, Inc. v. Invecor, LLC*, 2017 WL 4805201, at *3 (D.N.J. Oct. 25, 2017) (granting plaintiff class summary judgment in TCPA case where defendant was vicariously liable for the violative communications).
[19] *In re Domestic Drywall Antitrust Litigation*, 300 F.R.D. 234, 240 (E.D. Pa. 2014) (quotation and citation removed).
[20] MTC 4-5 (collecting cases).

during discovery[21] shows that a request for such information from Aragon itself is "reasonably calculated to lead to the discovery of admissible evidence."[22]

Having rejected Aragon's only argument that the subpoena imposes an undue burden, the Court will grant Jackson's Motion to Compel. The sole remaining issue is whether to require Aragon to comply with the subpoena as written—for information since January 1, 2019—or to restrict the temporal scope of the requested discovery to information post-settlement, or after May 12, 2022. Aragon suggests that, by settling with Aragon, Jackson cannot hold Clearlink itself liable for any calls made by Aragon on Clearlink's behalf prior to the settlement. If Aragon is correct, then information about such calls prior to May 12, 2022 would likely not be relevant. However, this issue is not properly before this Court, and given Jackson's willingness to limit the scope of the subpoena to records after May 12, 2022,[23] the Court need not decide it today. Aragon shall produce records responsive to the subpoena for the time period of May 13, 2022 to the present.[24]

---

[21] Neil Chipping, the Director of Lead Optimization at Clearlink, testified that Clearlink ended their relationship with Aragon because "[t]here were a handful of TCPA violations and [Clearlink] wanted to mitigate that risk." MTC Ex. 5, Doc. 1-5, at 7:4-8, 30:17-20.

[22] *Westfield Ins. Co. v. Icon Legacy Custom Modular Homes*, 321 F.R.D. 107, 111 (M.D. Pa. 2017) (quotation and citation removed). *See also Bastida v. National Holdings Corp.*, 2016 WL 6472648, at *1 (W.D. Wash. Oct. 31, 2016) (granting motion to compel deposition of nonparty in case where plaintiff was seeking to hold defendant vicariously liable for nonparty's actions); *Leasure v. Willmark Communities, Inc.*, 2012 WL 4361555, at *6 & n.4 (S.D. Cal. Sept. 21, 2012) (granting motion to compel discovery of nonparty where plaintiff was seeking to hold defendant liable for the debt collection practices of nonparty on defendant's behalf).

[23] Reply 1-2.

[24] Aragon suggests, without support, that the initiation of the underlying suit is the appropriate cutoff date. Opp. 7. Discovery, particularly in cases where the alleged conduct is of the sort

5

## III.   CONCLUSION

For the foregoing reasons, Petitioner Gerard Jackson's Motion to Compel is granted.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

that may well continue past the initiation of a lawsuit, is not so limited. *See Starling v. KeyCity Capital, LLC*, 2022 WL 198403, at *6 (N.D. Tex. Jan. 21, 2022) (granting motion to compel discovery of information for calls "for the period beginning January 1, 2021 to the present"). In any case, given that Clearlink terminated their relationship with Aragon in 2022, it is unlikely that there is much, if any, responsive information postdating the filing of the suit.